IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Atain Insurance Co.,**<br>　　　　　　**Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **Xcapes and Craig Lesser,**<br>　　　　　　**Defendants.** | **NO. 2:19-cv-05346** |

## MEMORANDUM OPINION

Yuri Tyshko has filed a motion to intervene as of right in the above-captioned case pursuant to Fed. R. Civ. P. 24(a)(2) or in the alternative, for permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). For the reasons that follow, Tyshko's motion shall be denied.

### I. BACKGROUND

Defendant Xcapes is a home improvement contracting company owned by Defendant Craig Lesser. During the period relevant to this action, Defendants carried liability insurance, as required by the Pennsylvania Home Improvement Consumer Protect Act ("HICPA"), 73 Pa. Stat. Ann. § 517.7; that insurance was provided by Plaintiff Atain Insurance Company ("Atain").

Proposed-intervenor Tyshko hired Defendants to redesign his back yard. Tyshko claims that, rather than redesigning his yard according to their agreed-upon plan, Defendants caused "hundreds of thousands of dollars in damages" to his property. As a result, Tyshko and his wife sued Defendants in state court for damages.

Subsequently, Atain filed the above-captioned action for declaratory relief in this court seeking "a declaration . . . that no insurance coverage is afforded to [Defendants] under certain insurance policies issued by Atain to [Defendants] with respect to the underlying lawsuits filed by [the Tyshkos]." Defendants have not responded to Atain's Complaint.

Concerned that Defendants' failure to defend themselves and assert their right to coverage will result in Atain denying Defendants an insurance payout—and ultimately, in Defendants denying Tyshko a damages payout—Tyshko seeks to intervene in this declaratory judgment action "to protect his . . . rights." In sum, Tyshko seeks to intervene in this action to protect what he contends is his financial interest in Defendants' insurance policy.

## II. DISCUSSION

### A. Intervention as of Right

According to Federal Rule of Civil Procedure 24(a)(2),

> [a] non-party is permitted to intervene . . . if (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)). "Each of these requirements must be met to intervene as of right." *Id.*

Atain concedes that Tyshko's motion is timely but argues that Tyshko does not satisfy Rule 24(a)(2)'s "interest" requirement. The Third Circuit had defined "interest" for purposes of Rule 24(a)(2) narrowly. "In general, a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." *Id.* (internal citations omitted). In *Liberty Mutual Insurance Company v. Treesdale, Inc.*, for example, the Court held that asbestos victims seeking to intervene in a declaratory judgment action filed against an asbestos manufacturer by its insurer did not have a sufficient "interest" in the manufacturer's policies to justify intervention as of right. 419 F.3d 216, 222 (3d

Cir. 2005). The proposed-intervenors had "no property interest" in the policies, but rather, "the kind of economic interest in the insurance proceeds that we have held does not support intervention as a matter of right." *Id.* "*Treesdale* [thus] stands for the proposition that an injured party is not entitled to intervene as a matter of right under Rule 24(a) in a declaratory judgment action over an insurance policy." *State Farm Fire & Cas. Co. v. Spector*, 2016 WL 8668295, at *5 (E.D. Pa. Nov. 4, 2016).

Nevertheless, Tyshko argues that because Defendants were required by HICPA to carry insurance, and because HICPA is a consumer protection statute, he has a statutory interest in Defendants' policy. He also asserts that he is a third-party beneficiary with a contractual interest in the policy. These alleged statutory and contractual interests, he maintains, entitle him to intervention. In essence, Tyshko argues that because HICPA aims to protect consumers, the Pennsylvania legislature, in adopting HICPA, granted consumers of home improvement services a legally cognizable property interest in home improvement contractors' insurance policies. However, Tyshko cites no Pennsylvania or Third Circuit case law to support these assertions. Neither does HICPA's text—which simply provides that home improvement contractors must maintain "insurance covering property damage . . . in an amount not less than $50,000 and identif[y] the current amount of insurance coverage maintained at the time of signing the contract"—support such an interpretation. Indeed, the interest that Tyshko seeks to protect is precisely the kind of economic interest the Third Circuit has held does not justify intervention under Rule 24(a)(2). *See Treesdale*, 419 F.3d at 222. While Tyshko may be correct that "he [c]ould be forced to bear the loss" caused by Defendants' alleged damage to his property and their subsequent failure to defend themselves in this declaratory judgment action, "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit" is, per binding

3

Third Circuit precedent, an insufficient basis for intervention. *Mountain Top*, 72 F.3d at 366; *see also Spector*, 2016 WL 8668295, at *5 (E.D. Pa. Nov. 4, 2016) (in a declaratory judgment action, holding that non-party's "potential inability to recover in a separate lawsuit pending in state court" did not qualify as an "an interest in the [insurance] policy [at issue] and an interest in th[e] declaratory judgment action" for purposes of Rule 24). Because Tyshko has failed to meet Rule 24(a)(2)'s "interest" requirement, his motion shall be denied.

### B. Permissive Intervention

Rule 24(b)(1)(B) provides for permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." "Granting permissive intervention is discretionary." *Spector*, 2016 WL 8668295, at *6 (citing *Treesdale*, 419 F.3d at 227). However, "where a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish insurance coverage, he/she cannot accurately claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries PMP may have caused." *Treesdale*, 419 F.3d at 228. For example, in *Treesdale*, the Court explained that the asbestos-victims' interest in "whether an asbestos claimant in a suit against the [asbestos manufacturer] may recover on that claim" did not constitute a common question of law or fact with the insurer's declaratory judgment action, since that "action turn[ed] on the interpretation of the contracts of insurance" while the victims' claims turned on whether the manufacturer had caused their injuries. *Id.*; *see also Spector*, 2016 WL 8668295, at *6 (denying permissive intervention in a declaratory judgment action where the action sought a declaration of rights under an insurance contract and the underlying action against defendant sought a determination of tort liability).

Here, Tyshko asserts that he is entitled to permissive intervention "[f]or the same

reasons" entitling him to intervention as of right. However, as noted, Tyshko is not entitled to intervention as of right. Neither is he entitled to permissive intervention. While Tyshko may have a financial interest in the outcome of the action between Atain and Defendants, that litigation turns on interpretation of the parties' insurance contract, while Tyshko's state court action against Defendants depends on whether and to what extent Defendants damaged Tyshko's property. Because there is no common question of law or fact between this action and Tyshko's state court action for damages, *see Treesdale*, 419 F.3d at 228, Tyshko's request for permissive intervention shall be denied.

An appropriate order follows.

| | |
|---|---|
| **February 25, 2020** | **BY THE COURT:** |
| | |
| | **/s/Wendy Beetlestone, J.** |
| | _____ |
| | **WENDY BEETLESTONE, J.** |